IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CLEARY, : | |
|     Plaintiff, : | |
| : | |
| v.    : | CIVIL ACTION NO. 21-2650 |
| : | |
| AVATURE, INC. : | |
|     Defendant. : | |

**OPINION**

There are times when in reviewing a complaint it becomes evident that the Court has no jurisdiction to hear a case and must *sua sponte* dismiss for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). This is one of them.

Plaintiff has filed this matter in federal court on the basis of its diversity jurisdiction. 28 U.S.C. § 1332. Accordingly, the Court has jurisdiction only if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). Although it is clear from the face of the Complaint that the matter involves the requisite amount and that Plaintiff is a citizen of and resides in Pennsylvania, the Complaint's averments with respect to Defendant's citizenship are problematic.

Before getting to why, a brief review of the fundamental maxims that underly an evaluation of whether the matter is appropriately before the Court on diversity jurisdiction is necessary. The Plaintiff bears the burden of establishing diversity jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Given the limited nature of diversity jurisdiction, absent the requisite allegations it "is to be presumed that a cause lies outside this limited jurisdiction." *Id.* Accordingly, plaintiffs must affirmatively and precisely state the bases for jurisdiction as courts cannot "infer[] argumentatively" to fill the gaps in a pleading. *Thomas

*v. Bd of Trs. of Ohio State Univ.*, 195 U.S. 207, 210 (1904).

Here, Plaintiff avers the following with respect to Defendant's citizenship: that "Defendant Avature is a business corporation headquartered in the State of New York," and next, that "upon information and belief, [Defendant Avature is] organized and existing under the laws of the State of New York." For the reasons that follow, these averments fail to establish Defendant's citizenship as required by 28 U.S.C. § 1332.

First to consider is whether the averment that "Defendant Avature is a business corporation headquartered in the State of New York" meets Plaintiff's burden. By its text, 28 U.S.C. §1332 limits the State(s) where a corporation can be considered a citizen to: (1) every State and foreign state by which it has been incorporated; and, (2) the State or foreign state where it has its principal place of business. 28 U.S.C. 1332(c)(1). Therefore, to plead diversity jurisdiction in cases involving a corporate defendant, a plaintiff must allege that both the State(s) where the defendant is *incorporated* and the State where it maintains a *principal place of business* are different from Plaintiff's home State. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 377 (1978) (finding that there was no diversity between an Iowan plaintiff and a corporate defendant incorporated in Nebraska with its principal place of business in Iowa). "Incorporated" and "principal place of business" are both terms of art which require definition. Incorporation refers to the formal process by which a legal entity known as a corporation is created, during which a formal governing document, *i.e.*, articles of incorporation, is filed with an appropriate State agency. *Incorporation*, *Articles of Incorporation*, BLACK'S LAW DICTIONARY (11th ed. 2019). The State where this governing document is filed is the State where a corporation is incorporated, and thus constitutes a State of citizenship for purposes of diversity jurisdiction. The principal place of business, on the other hand, is a corporation's

"nerve center", or the one place where "a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

  Here, Plaintiff has not used the exact language of the statute, so the sufficiency of his first averment depends on whether the place of a corporation's "headquarters" can be read as either the place of incorporation or the principal place of business.  Generally, a corporation's headquarters are a main office that serves as its managerial and authoritative center.  *See, e.g.*, *Headquarters*, BLACK'S LAW DICTIONARY (11th ed. 2019); *the Merriam-Webster Dictionary*, *Headquarters*, https://www.merriam-webster.com/dictionary/headquarters (last visited September 14, 2021).  While a corporation's headquarters and its place of incorporation may in fact be in the same State, they are theoretically distinct concepts as a headquarters does not carry the same legal significance that incorporation does (*i.e.*, the creation of a separate legal entity). Therefore, Plaintiff's averment that "Defendant Avature is a business corporation headquartered in the State of New York" cannot be read as alleging that Defendant is incorporated in New York.  Whether Plaintiff's averment can be read as stating Defendant's principal place of business, however, is a more nuanced issue.  In practice, a corporation's principal place of business should "normally be the place where the corporation maintains its headquarters" because it is most likely to be the place where a "corporation's officers direct, control, and coordinate the corporation's activities".  *Hertz Corp.*, 559 U.S. at 93.  Courts, however, are to exercise caution and ensure that a corporation's headquarters is in fact its center of direction, "not simply an office where the corporation holds its board meetings", or "a bare office with a computer" used to manipulate federal jurisdiction.  *Id.*; *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).  Therefore, the averment that a defendant's headquarters are located in a State does not establish that its principal place of business is located in that same

3

State.

Applied here, Plaintiff's first averment that "Defendant Avature is a business corporation headquartered in the State of New York" fails to properly plead Defendant's citizenship under 28 U.S.C. § 1332.  There is nothing in Plaintiff's Complaint which establishes that Defendant's headquarters in New York is its principal place of business or its "nerve center" directing the entire corporation.  Plaintiff bears the burden of affirmatively alleging that Defendant's headquarters is its principal place of business; this Court cannot read between the lines and presume that they are one and the same.

Plaintiff's second averment that "upon information and belief, [Defendant Avature is] organized and existing under the laws of the State of New York" raises two questions, the first of which is whether he can meet his pleading burden by alleging citizenship based on information and belief.  The fact that this averment is based upon Plaintiff's information and belief is not a barrier to jurisdiction. The effectiveness of a jurisdictional allegation is not vitiated by the fact that it is prefaced as being based on information and belief.  *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 n.31 (3d Cir. 2015).   To hold otherwise would needlessly punish plaintiffs for exercising caution when drafting their pleadings.

The next and main issue raised by Plaintiff's second averment is whether "organized and existing under the laws of the State of New York" sufficiently states Defendant's place of incorporation and Defendant's principal place of business: as discussed *supra* both are necessary to establish diversity jurisdiction.  28 U.S.C. 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.") (emphasis added).  Although often used in legal and corporate documents,

the phrase "organized and existing" lacks precise definition.  One definition of "organize" is "to set up (an institution, enterprise, society, union or other political organization)."  *The Oxford English Dictionary*, *Organize*,

https://www.oed.com/view/Entry/132456?redirectedFrom=organize#eid (last visited September 14, 2021).  Therefore, where a corporation is described as "organized and existing" under the laws of a State, it means that it was created pursuant to that State's laws and regulations and continues to adhere to them to maintain its corporate existence, a meaning that is synonymous with "incorporation."  Thus, Plaintiff's averment that "Defendant Avature is a business corporation . . . organized and existing under the laws of the State of New York" properly alleges Defendant's place of incorporation.

      However, to establish diversity jurisdiction this remaining averment must also plead that Defendant's principal place of business is in a State diverse from Plaintiff's home state as both are necessary to show diversity between the parties.  Unfortunately, it fails to do the job.  As noted above, if the phrase "principal place of business" is not expressly used, then there must be some further explanation as to why that State is the home of the corporation's singular "nerve center."  Since Plaintiff's remaining averment lacks this language, it fails to establish that there is complete diversity between the parties.  Consequently, this Court lacks subject matter jurisdiction over this action.

      As a final point, Defendant denies Plaintiff's averment regarding its citizenship in its answer, admitting only that, "Avature has had business operations in the state of New York."  Defendant's answer thus raises one last question, namely, what effect its denial has on Plaintiffs' averments regarding its citizenship.  When an answer puts jurisdiction at issue, the party alleging that jurisdiction exists must support their allegations with competent proof.  *Hertz Corp.*, 559

U.S. at 96-97; *Kaufman v. Liberty Mut. Ins. Co.*, 245 F.2d 918, 920 (3d Cir. 1958). In cases where a party's citizenship is difficult to ascertain, limited discovery on the topic may be appropriate. *See, e.g.*, *Rubin v. Buckman*, 727 F.2d 71, 73 (3d Cir. 1984); *Lincoln Ben. Life Co.*, at 108-109. Had Plaintiff properly alleged Defendant's citizenship, then he would be obligated to offer proof to show that Defendant is indeed incorporated in and maintains its principal place of business in New York, or another State diverse from Plaintiff. But because his averments are facially deficient and there is presently no jurisdiction, this Court lacks the authority to order the Plaintiff to prove his averments.

Alleging jurisdiction is a science, not an art. There is little room for flexibility or creative license. Plaintiffs must take care to use precise language as they will be judged against exacting standards. As Plaintiff has not sufficiently averred that diversity of citizenship exists between the parties, this Court cannot exercise its jurisdiction. Accordingly, the Complaint is dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**WENDY BEETLESTONE, J.**